UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

WILLIAM REED,

              Petitioner,

  - against -

ANDREW CUOMO,

              Respondent.

-----------------------------------X

DOCKET & FILE

FOR ELECTRONIC
PUBLICATION ONLY

**MEMORANDUM & ORDER**

08-CV-4875 (KAM)

MATSUMOTO, United States District Judge:

Presently before the court is petitioner William Reed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1, Petition.) Respondent moves to dismiss the petition, *inter alia*, on the grounds that the petition is time-barred and unexhausted. (Doc. No. 10, Notice of Motion to Dismiss the Petition.) For the reasons set forth below, the petition for a writ of habeas corpus is dismissed in its entirety as time-barred and because petitioner did not exhaust his state remedies.

## BACKGROUND

On October 15, 2008,[1] William Reed ("petitioner") filed the instant petition for a writ of habeas corpus

---

[1] Although the petition, dated October 15, 2008, indicates that it was filed on November 28, 2008, respondent admits that the petition was given to correctional authorities on October 15, 2008. (*See* Doc. No. 10, Declaration of Lisa Fleischmann ("Fleischmann Decl.") ¶ 7.) With respect to *pro se* and incarcerated *habeas* petitioners, a petition is deemed filed on the date

pursuant to 28 U.S.C. § 2254. (*See* Petition.) The petition arises from a judgment of conviction, entered on January 9, 2003, in the Supreme Court of the State of New York, Queens County, for Attempted Robbery in the Third Degree, in violation of New York Penal Law §§ 110.00 and 160.05. (Fleischmann Decl., Ex. B, Sentence Minutes; Ex. C, Sentence and Commitment.)[2]

On November 14, 2002, petitioner pled guilty to Attempted Robbery in the Third Degree, in violation of New York Penal Law §§ 110.00 and 160.05, in exchange for an indeterminate imprisonment term of 1.5 to 3 years. (*See* Petition ¶¶ 3-4; Fleischmann Decl., Ex. A, Plea Minutes; Ex. C, Sentence and Commitment.) As part of the negotiated plea bargain, petitioner agreed to waive his right to

---

it is given to correctional authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001).

[2] In ruling on a motion to dismiss, the court may consider the pleadings and matters of public record. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (noting that it is "well-established" that a court may rely on matters of public record in deciding a motion to dismiss); *Delacruz v. INS*, No. 99-CV-1039, 2001 U.S. Dist. LEXIS 23766, at *3 (N.D.N.Y. Jan. 17, 2001) ("in addition to pleadings filed in a case, a court may also consider matters of public record in ruling on a motion to dismiss.") (citation omitted); *see also Washington v. U.S. Tennis Ass'n*, 290 F. Supp. 2d 323, 326 (E.D.N.Y. 2003) (stating that a court is "permitted to take judicial notice of court documents from previous actions").

appeal his conviction. (*See* Fleischmann Decl., Ex. A at 2, 3-4.)

During the November 14, 2002 plea proceeding, the presiding Justice advised petitioner that the Queens County District Attorney's Office had filed a notice stating that petitioner had been convicted of a Class B felony in 1987 and received a sentence of 150 months (12.5 years) to 25 years' imprisonment. (*Id.* at 4.) Petitioner did not contest the notice or challenge the constitutionality of the conviction, and indicated that he was the person named in the notice. (*Id.*) A review of the New York State Department of Corrections ("DOCS") Inmate Population Information Search database (the "DOCS website")[3] reveals that petitioner was released on parole before the final expiration of his 12.5-to-25-year term of imprisonment. Thus, petitioner's November 14, 2002 conviction for Attempted Robbery in the Third Degree occurred while petitioner was subject to an undischarged term of imprisonment for his 1987 conviction.

Thereafter, on January 9, 2003, petitioner was sentenced to 1.5 to 3 years' imprisonment as a second felony offender. (Fleischmann Decl. Exs. B-C.) The

---

[3] Available at http://nysdocslookup.docs.state.ny.us [last visited May 7, 2010].

presiding Justice did not state whether petitioner was subject to any undischarged sentence for his 1987 conviction, or whether the 1.5-to-3-year sentence would run consecutively or concurrently to any previously-imposed sentence. (*See* Fleischmann Decl. Ex. B.) Moreover, although the Sentence and Commitment Order signed by the Clerk of the Queens County Supreme Court states that petitioner is a "second felony offender[,]" it does not refer to the prior sentence or indicate whether the current term of imprisonment would run consecutively or concurrently to any previously-imposed sentence. (*See* Fleischmann Decl. Ex. C.) According to the DOCS website, defendant entered New York State custody on January 28, 2003. Petitioner admits that he did not appeal from the judgment of conviction. (*See* Petition ¶¶ 8.)

In his instant petition for a writ of habeas corpus, petitioner claims that DOCS (1) unlawfully added petitioner's "parole time to the end of" his 1.5-to-3-year term of incarceration, and (2) lacked the authority run his sentence consecutively with any time he owed on a previously undischarged sentence "where the court did not do so." (*See id.* ¶ 12(A)-(B).) Petitioner admits that he has not "previously filed any petitions, applications, or motions with respect to his January 9, 2003 sentence and

4

commitment "in any court, state or federal[.]" (*See id.* ¶ 10.)

## DISCUSSION

### A. Statute of Limitations under 28 U.S.C. § 2244(d)(1)

A petition for a writ of habeas corpus filed by a person in state custody is governed by, *inter alia*, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes a one-year statute of limitations for seeking federal habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1); *see Lawrence v. Florida*, 549 U.S. 327, 331 (2007); *Saunders v. Senkowski*, 587 F.3d 543, 546 (2d Cir. 2009); *Clark v. Artus*, No. 09-CV-3577, 2010 U.S. Dist. LEXIS 33096, at *8 (E.D.N.Y. Apr. 1, 2010).

The one-year limitation period applies to habeas claims regarding alleged unauthorized acts by DOCS. *See James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) (holding that a state prisoner's claim that DOCS incorrectly credited his time served was properly brought under 28 U.S.C. § 2254 and, therefore, was subject to the requirements of AEDPA). Here, petitioner's challenges to DOC's actions are without merit and untimely. In *Gill v. Greene*, 12 N.Y.3d 1 (2009), the New York Court of Appeals observed that where a petitioner was sentenced as a "second

5

felony offender[,]" Penal Law § 70.25 (2-a) provides that the "court must impose a sentence to run consecutively" with respect to "an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed . . . ." *Id.* at 6 (quoting N.Y. Penal Law § 70.25 (2-a)). Furthermore, *Gill* held that "when a court is required by statute [N.Y. Penal Law § 70.25 (2-a)], to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires." *Id.* at 1.

>Pursuant to the AEDPA, the limitation period runs from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Clark*, 2010 U.S. Dist. LEXIS 33096, at *8-9.

Considering each of the foregoing subsections (A)-(D), the court finds that the instant petition is untimely. The petition is untimely under 28 U.S.C. § 2244(d)(1)(A) because petitioner did not seek appellate review of his judgment of conviction, and the time for doing so expired in 2003. Moreover, petitioner does not claim under 28 U.S.C. § 2244(d)(1)(B) that he was prevented in any way from timely filing the instant application. Nor does plaintiff rely on any newly-recognized right by the Supreme Court pursuant to 28 U.S.C. § 2244(d)(1)(C). Instead, liberally construing the petition, the court applies 28 U.S.C. § 2244(d)(1)(D), where the factual predicate is neither known nor reasonably discoverable at the time the petitioner's judgment of conviction became final.

Under 28 U.S.C. § 2244(d)(1)(D), the factual predicate on which the instant petition is based reasonably could have been known or discovered on or about January 28, 2006, three years after petitioner entered into state custody on January 28, 2003. Petitioner knew or reasonably should have known that his parole time had been added to his January 9, 2003 sentence when he was not released after

7

serving three years of his 1.5-to-3-year term of incarceration which commenced on January 28, 2003.[4] Thus,

---

[4] The court recognizes that in *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006), the Second Circuit observed that the district court properly acknowledged that a hearing would be required to inquire into the date on which the petitioner first became aware of the factual predicate that formed the basis of his habeas petition. In that case, the petitioner was sentenced to a six-year prison term pursuant to a plea agreement. No term of post-release supervision ("PRS") was imposed, despite the fact that, unbeknownst to petitioner, his counsel, the prosecutor, and the sentencing judge, N.Y. Penal Law § 70.45 had been recently enacted to require PRS for the petitioner's conviction. DOCS thereafter administratively, and without notifying petitioner, added a PRS term to petitioner's sentence. Petitioner filed the habeas petition after his timely attempts to modify the sentence were rejected by the state courts. Petitioner contended that the sentence modification violated his due process rights and that he had received ineffective assistance of counsel. The Second Circuit held that the PRS term added to petitioner's sentence by DOCS was "invalid" because "[t]he imposition of a sentence is a judicial act; only a judge can do it." *Id.* at 76. The Second Circuit observed that "when DOCS discovered the oversight made by . . . [the] sentencing judge, the proper course would have been to inform the state of the problem, not to modify the sentence unilaterally." *Id.*

*Earley* is distinguishable and a hearing is not required in this case because the incarceratory sentence was imposed by the judge and the question of "whether sentences should be made to run concurrently or consecutively is purely a question of state law and is not cognizable on a habeas petition." *See Reyes v. People of New York*, 08-CV-8645, 2009 U.S. Dist. LEXIS 34030, at *4 (S.D.N.Y. Apr. 21, 2009) (Lynch, J.) (citing *United States v. McLean*, 287 F.3d 127, 136-37 (2d Cir. 2002) (finding that there is no constitutional right to concurrent, rather than consecutive, sentences)). Indeed, *Gill* holds that the question of whether a sentence will be served concurrently or consecutively is not substantive but, rather, an issue of "characterization of the sentence as either concurrent

petitioner had one year from January 28, 2006, or until January 29, 2007, to timely file the instant petition. Instead, the instant petition was not filed until October 15, 2008. Thus, the petition is untimely.

Pursuant to the AEDPA, the one-year limitation period is tolled while a state prisoner seeks post-conviction relief in state court:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2); see Lawrence, 549 U.S. at 331; Clark, 2010 U.S. Dist. LEXIS 33096, at *9. Petitioner, however, did not appeal his conviction, seek post-conviction relief, or file any petitions, applications or motions with respect to his state court judgment or incarceration. (See Petition ¶¶ 8, 10.) Thus, the

---

or consecutive." Gill, 12 N.Y.3d at 6 (distinguishing Earley because in that case, the sentencing court never imposed a term of PRS; whereas, in Gill, the sentencing court imposed an incarceratory sentence but failed to characterize the sentence as concurrent or consecutive); see also Chandler v. Barkley, No. 09-CV-4648, 2010 U.S. Dist. LEXIS 43087, at *8 (E.D.N.Y. May 3, 2010) (holding that a habeas petitioner's federal constitutional rights "were not violated by DOCS' calculation of his sentence as consecutive" where the sentencing judge was silent on the issue of whether the incarceratory sentence was to run consecutively or concurrently to the remaining portion of a previous, undischarged sentence).

statutory tolling provision cannot save Mr. Reed's untimely petition.

The one-year limitation period may also be tolled for equitable reasons. *See Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (holding that equitable tolling is only available when the petitioner is prevented from timely filing by circumstances beyond his control and acted with reasonable diligence throughout the period he seeks to toll). Equitable tolling is available only in "rare and exceptional circumstance[s], and where the petitioner demonstrate[s] a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal quotation marks and citations omitted). "The term 'extraordinary' does not refer to the uniqueness of

the petitioner's circumstances, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." *Id.* at 231-32 (internal quotation marks and citations omitted). Further, petitioner has the burden to establish that he exercised reasonable diligence in discovering the factual predicate of his habeas claims. *See Shabazz v. Filion*, No. 02-CV-939, 2006 U.S. Dist. LEXIS 73356, at *15-16 (S.D.N.Y. Jan 25, 2006) (collecting cases).

Petitioner has failed to establish any basis for equitable tolling of the one-year statutory limitation period. Specifically, there is no indication that petitioner "diligently" pursued his rights or that any "extraordinary" circumstances prevented him from filing his petition within the one-year statutory limitation period. Thus, there is no basis to equitably toll the one-year limitation period prescribed by AEDPA. Accordingly, respondent's motion to dismiss the petition as time-barred is granted.

**B. Exhaustion of State Remedies under 28 U.S.C. § 2254**

Even assuming, *arguendo*, that the instant petition were filed timely, the petition must nevertheless be dismissed pursuant to 28 U.S.C. § 2254 because of petitioner's failure to exhaust available state remedies.

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must exhaust available state remedies. *See* 28 U.S.C. § 2254(b), (c); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (explaining that "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process") (citation and internal quotation marks omitted); *Georgison v. Donelli*, 588 F.3d 145, 153 (2d Cir. 2009); *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005); *Moore v. McLaughlin*, No. 07-CV 4976, 2008 U.S. Dist. LEXIS 48153, at *2 (E.D.N.Y. June 20, 2008) (citation omitted). "Exhaustion means that the prisoner no longer 'has the right under the law of the State to raise, by any available procedure, the question presented.'" *Flores v. Ercole*, No. 06-CV-6751, 2010 U.S. Dist. LEXIS 33431, at *7 (E.D.N.Y. Mar. 31, 2010) (quoting 28 U.S.C. § 2254(c)).

"The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). To exhaust a claim that DOCS exceeded its authority by deeming a sentence to run consecutively to a previously undischarged term of

imprisonment under New York law, petitioner, *inter alia*, first must seek relief in state court. *See* N.Y.C.P.L.R. § 7001 ("Article 70") and § 7801 ("Article 78"); *see also Gill*, 12 N.Y.3d at 1; *Olushesi v. Smith*, 892 N.Y.S.2d 921, 922 (3d Dep't 2010) (dismissing application for a writ of habeas corpus pursuant to Article 70 where the petitioner challenged the DOCS's determination that a prison term run consecutively to an undischarged term of imprisonment for a prior conviction; observing that where a sentencing court "has not specified the manner in which a subsequent sentence is to run vis-à-vis a previous sentence, the sentence must be deemed to run consecutively pursuant to [Penal Law § 70.25].") (citing Gannon v. Sears, 66 A.D.3d 1100, 1101 (3d Dep't 2009)).

Here, petitioner has not exhausted his available state court remedies. Among other things, petitioner failed to raise his claims in a state habeas petition. Moreover, petitioner does not claim to have made any effort to exhaust state remedies. (*See* Petition ¶¶ 8, 10.) At paragraph 8 of his petition, Mr. Reed indicates that he did not "appeal from the judgment of conviction." (Petition ¶ 8.) Further, at paragraph 10 of his petition, Mr. Reed indicates that he has not "previously filed any petitions, applications, or motions with respect to this judgment in

13

any court, state or federal." (Petition ¶ 10.) Nor does plaintiff allege that he sought relief in state court, or that the state court process for seeking any such relief is "ineffective" to protect his rights. *See Lindsey v. Rensselaer County Sheriff*, No. 07-CV-1100, 2008 U.S. Dist. LEXIS 975, at *3 (N.D.N.Y. Jan. 7, 2007) (observing that "[i]n certain limited circumstances, exhaustion may be excused . . . where "all available state procedures have been rendered ineffective . . . .") (citations omitted).

Accordingly, even if the instant petition were not untimely, the petition must be dismissed because petitioner failed to exhaust his claims in state court. *See* 28 U.S.C. § 2254 (b)(1)(A), (c). Moreover, because the petition contains no unexhausted claims and is otherwise untimely, this court has no basis to retain jurisdiction by staying the petition while petitioner exhausts his state court remedies. *See Harris v. New York State Division of Parole*, No. 06-CV-5893, 2007 WL 1988823, at *3 (E.D.N.Y. July 5, 2007) (collecting cases). Thus, the instant petition must be dismissed.

## CONCLUSION

For the foregoing reasons, William Reed's petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus is dismissed in its entirety as time-barred and

14

because petitioner did not exhaust his state remedies. The Clerk of the Court is respectfully requested to enter judgment in favor of respondent, close this case and serve a copy of this Order on all parties, including mailing a copy of this Order to the pro se petitioner at his last known address.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue because petitioner has not made a "substantial showing" of a denial of a constitutional right. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

Dated: Brooklyn, New York
       May 7, 2010

/S/
_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York